# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Scholle Corporation, ) | |
| ) | Civil Action No. 1:13-cv-03976 |
| Plaintiff/Counter-Defendant, ) | |
| ) | |
| v. ) | |
| ) | Judge Virginia M. Kendall |
| Rapak LLC, ) | |
| ) | |
| Defendant/Counter-Plaintiff. ) | |
| ) | |

**PLAINTIFF'S RESPONSE TO SECOND
REQUEST FOR ADMISSIONS TO DEFENDANTS**

Plaintiff/Counter-Defendant Scholle Corporation ("Scholle"), through its counsel, hereby responds to Defendant/Counter-Plaintiff Rapak LLC's ("Rapak") Second Set of Requests for Admissions pursuant to Fed. R. Civ. P. 36, as follows:

**GENERAL OBJECTIONS**

Scholle asserts its General Objections with respect to each request for admission. Scholle's specific responses below are subject to and without waiver of the following General Objections:

1. Scholle objects generally to the requests for admission to the extent they purport to impose burdens greater than and/or inconsistent with those imposed by the Federal Rules of Civil Procedure.

2. Scholle objects to Rapak's definition of the term "plaintiff" as vague and ambiguous in its use of the undefined term "affiliated business entities," overly-broad, not reasonably calculated to lead to the discovery of admissible evidence, and unduly burdensome to the extent it is intended to relate to any entity other than Scholle Corporation. Scholle will

interpret "plaintiff" to refer to Scholle Corporation and Scholle Packaging, Inc. and no other entity.

3. Scholle objects to Rapak's definition of the term "known to plaintiff" as vague and ambiguous in its use of the undefined term "affiliate," overly-broad, not reasonably calculated to lead to the discovery of admissible evidence, and unduly burdensome to the extent it is intended to relate to any entity other than Scholle Corporation. Scholle will interpret "known to plaintiff" to mean the knowledge of any board of directors, executive board, officer or director of Scholle Corporation or of Scholle Packaging, Inc.

4. Scholle objects to Rapak's Requests to the extent that they are not based on the ordinary meaning of the words used in the Requests.

5. Scholle's specific responses below are based on Scholle's investigation to date and the information that is reasonably available to it at this time. Scholle reserves the right to supplement or modify its responses to the requests for admission.

6. Scholle objects to Rapak's Requests to the extent that they seek to require Scholle to provide any information beyond what is presently available to Scholle from a reasonable search of its own files and reasonable inquiry of its present employees.

7. These General Objections apply to the responses to Rapak's Requests below. To the extent that specific objections are cited in a response below, those specific citations are provided because they are believed to be particularly applicable to the specific request and are not to be construed as waiver of any other objection.

## RESPONSES TO REQUESTS FOR ADMISSIONS

**REQUEST TO ADMIT NO. 13.**  The '969 application does not disclose a "retaining ring" that includes an "inwardly sloping protective flange" as those terms and phrases are used by Scholle in claim 1 of the '799 patent.

    **RESPONSE:**    Admitted.

**REQUEST TO ADMIT NO. 14.**  The '969 application does not disclose a "retaining ring" having an "inner wall structure" that is "inwardly sloping" as those terms and phrases are used by Scholle in claim 1 of the '799 patent.

    **RESPONSE:**    Denied.

**REQUEST TO ADMIT NO. 15.**  The '969 application does not disclose a "retaining ring" having an "inwardly sloping protective flange" that is "configured to slope inwardly at an acute angle of approximately 20° to 50° " as those terms and phrases are used by Scholle in the '799 patent.

    **RESPONSE:**    Admitted.

**REQUEST TO ADMIT NO. 16.**  The '969 application does not disclose a "retaining ring" including "a sealing membrane engagement surface and an inner wall structure opposite the sealing membrane engagement surface" as those terms and phrases are used by Scholle in claim 1 of the '799 patent.

    **RESPONSE:**    Denied.

**REQUEST TO ADMIT NO. 17.**  The '969 application does not disclose a "retaining ring" having a "sealing membrane engagement surface" and an "inner wall structure" that is "spaced apart from the sealing membrane engagement surface" as those terms and phrases are used by Scholle in claim 1 of the `799 patent.

    **RESPONSE:**    Denied.

**REQUEST TO ADMIT NO. 18.**  The '969 application does not disclose a "retaining ring" having an "inner wall structure configured to preclude damage to the membrane proximate the engagement of the membrane with the membrane engagement flange" as those terms and phrases are used by Scholle in the `799 patent.

    **RESPONSE:**    Admitted.

**REQUEST TO ADMIT NO. 19.**  The '969 application does not disclose a "retaining ring" having an "inner wall structure" that will direct a probe "inwardly toward the membrane" as those terms and phrases are used by Scholle in the '799 patent.

    **RESPONSE:**    Admitted.

**REQUEST TO ADMIT NO. 20.**     The '969 application does not disclose a "retaining ring" that "extends radially inwardly beyond the inward projection of the membrane engagement flange" as those terms and phrases are used by Scholle in the '799 patent.

    **RESPONSE:**     Admitted.

**REQUEST TO ADMIT NO. 21.**     The '969 application does not disclose a "retaining ring" engaged with a body such that a "probe" inserted through the retaining ring must engage the membrane "at a point that is spaced apart from the membrane engagement flange" as those terms and phrases are used by Scholle in the '799 patent

    **RESPONSE:**     Admitted.


Dated:  October 4, 2013                              By:   /s/ Allan Sternstein
                                                                                         One of the Attorneys for Plaintiff
                                                                                          Scholle Corporation

                                                                                         Allan J. Sternstein (2728966)
                                                                                           asternstein@lathropgage.com
                                                                                        Timothy K. Sendek (6293755)
                                                                                         tsendek@lathropgage.com
                                                                                        LATHROP & GAGE LLP
                                                                                        155 North Wacker Drive
                                                                                        Suite 3050
                                                                                        Chicago, Illinois 60606
                                                                                        Telephone:  (312) 920-3300
                                                                                        Facsimile:  (312) 920-3301

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that he served a copy of **Plaintiff's Response to Second Request for Admissions to Defendants**, upon the following counsel of record by the method indicated on <u>October 4. 2013</u>:

Keith V. Rockey
Kathy Lyons
Matthew L. DePreter

Rockey & Lyons
180 N. Stetson
Suite 3500
Chicago, IL 60601
312-268-5703
*Via U.S. mail*
*(with courtesy copy via electronic mail)*

                                        /s/   Allan Sternstein