IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SCHOLLE CORPORATION, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Civil Action No. 1:13-CV-03976 |
| v. | ) |
| | ) Judge Virginia M. Kendall |
| RAPAK, LLC | ) Magistrate Judge Jeffrey T. Gilbert |
| | ) |
| Defendants. | ) |

### RAPAK'S MOTION REQUESTING PERMISSION TO SEEK THE CONSTRUCTION OF MORE THAN FIVE CLAIM TERMS PURSUANT TO LOCAL PATENT RULE 4.1

NOW COMES Defendant, Rapak, LLC, by and through its attorneys of record, and respectfully request this Court to permit Rapak to seek the construction of more than five claim terms. Pursuant to Local Patent Rule 4.1, where the parties are unable to agree on the claim terms requiring construction, each party is allotted five terms.

The ground for this motion is that the parties were unable to settle on ten claim terms requiring construction and that Rapak believes additional claim terms, beyond the five it is allotted under the local rules, require construction. As set forth in greater detail in the accompanying memorandum, the parties exchanged their respective lists of claim terms and phrases in dispute; Rapak identified ten terms and phases. Scholle identified a single phrase which is subsumed in one of the complete phrases Rapak seeks construction of. While Scholle confirmed it would not agree to any of the constructions proposed for any term or phase identified by Rapak, Scholle would not agree to allow this Court to settle the disputed meanings of those ten terms. Instead, Scholle maintained that due to the disagreement, Rapak was only allowed five terms or phrases for construction.

Good cause exists here because the purpose of claim construction, settling the disputes between the parties as to the meaning of claim terms and phrases, is best served by allowing this Court to settle the meaning of the ten disputed terms identified by Rapak. Additionally, the spirit of the local rule is maintained in that the total amount of terms requiring construction is still limited to ten because the single phrase Scholle identified is among the phrases Rapak believes require construction

WHEREFORE, Rapak respectfully requests that this Court enter an order granting Rapak leave to seek a claim construction ruling on the ten claim terms or phrases identified in its memorandum.

Respectfully submitted,

/s/Keith V. Rockey
Keith V. Rockey
Kathleen A. Lyons
Matthew L. De Preter
ROCKEY & LYONS
Two Prudential Plaza
180 N. Stetson, Suite 3500
Chicago, Illinois 60601
PH: (312) 268-5703
Fax: (312) 268-5801

Attorneys for Defendant, Rapak, LLC

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on April 3, 2014, a true and correct copy of the foregoing RAPAK'S MOTION REQUESTING PERMISSION TO SEEK CONSTRUCTION OF MORE THAN FIVE CLAIM TERMS PURSUANT TO LOCAL PATENT RULE 4.1 was filed electronically with the Clerk of the Court through the Court's CM/ECF System, which will provide electronic notification of such filing to:

>Allan J. Sternstein, Esq.
>Timothy J. Sendek, Esq.
>Michael Golenson, Esq.
>Sara M. Skulman, Esq.
>LATHROP & GAGE LLP
>155 North Wacker Drive
>Suite 3050
>Chicago, Illinois 60606-1787

>/s/ Keith V. Rockey
>One of the Attorneys for Rapak, LLC