IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SCHOLLE CORPORATION, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Civil Action No. 1:13-CV-03976 |
| v. | ) |
| | ) Judge Virginia M. Kendall |
| RAPAK, LLC | ) Magistrate Judge Jeffrey T. Gilbert |
| | ) |
| Defendant. | ) |

**RAPAK'S MEMORANDUM IN SUPPORT OF ITS MOTION
REQUESTING PERMISSION TO SEEK CONSTRUCTION OF MORE
THAN FIVE CLAIM TERMS PURSUANT TO LOCAL PATENT RULE 4.1**

KEITH V. ROCKEY (ID #02360624)
KATHLEEN A. LYONS (ID #06186939)
MATTHEW L. DE PRETER (ID #06291503)
 Rockey & Lyons
 180 N. Stetson, Suite 3500
 Chicago, IL 60601
 Telephone: (312) 268-5703
 Facsimile: (312) 268-5801

Attorneys for Defendant Rapak, LLC

# **TABLE OF CONTENTS**

I. The Background Facts ............................................................................................2

    A. The Asserted Claims Of The '799 Patent And The Terms And Phrases Requiring Construction..................................................................2

    B. The Disputed Terms And Phrases Identified By Rapak Are Evident From The Preliminary Injunction Phase........................................................3

    C. Scholle's Final Contentions And The Position It Asserted During The Meet And Confer Confirm That Disputes Exist ................................................5

II. This Court Should Grant Rapak Leave To Seek Construction Of The Terms And Phrases It Has Identified ..................................................................................7

    A. Claim Construction Focuses The Scope Of The Case And Prevents The Jury From Deciding Matters of Law ............................................................7

    B. The Purpose Of Local Patent Rule 4.1, To Identify The Terms And Phrases In Dispute, Supports Rapak Here..................................................................9

Conclusion ..............................................................................................................10

# TABLE OF AUTHORITIES

Magna Carta Holdings, LLC v. Nextgen Healthcare Information Systems, Inc.
 (N.D. Ill., 2012), 2012 WL 787505 .................................................................................. 7

Markman v. Westview Instruments, Inc.
 (Fed. Cir. 1995) 52 F.3d 967 ............................................................................................ 7

Maytag Corp. v. Electrolux Home Products, Inc.
 (N.D. Iowa, 2006), 411 F.Supp.2d 1008 ...................................................................... 7-8

O2 Micro International Limited v. Beyond Innovation Technology Co., Ltd.
 (Fed. Cir., 2008), 521 F.3d 1351 ..................................................................................... 7

Phillips v. AWH Corporation
 (Fed. Cir., 2005), 415 F.3d 1303 ..................................................................................... 8

Plaintiff, Scholle Corporation ("Scholle"), asserts that Defendant, Rapak, LLC ("Rapak") infringes claim 1 of U.S. Patent No. 8,448,799 ("the '799 patent", Exhibit 1; Dkt. 20-2).[*] Under Local Patent Rule 4.1 and the schedule entered by this Court, the parties exchanged their identification of the claim terms or phrases that are in dispute and require construction on March 20, 2014 (Dkt. 62). Rapak identified ten terms and phrases along with its proposed constructions and Scholle identified one claim phrase with its "construction" (Exhibits 2 and 3). The parties engaged in a meet and confer one week later during which. Scholle indicated that it disputed each construction that Rapak set forth for each claim term and phrase that Rapak identified. However, Scholle would not offer its own construction of those claim terms and phrases because it insisted that Rapak limit the terms and phrases it seeks construction of to five.

In view of the dispute between the parties as to the claim terms and phrases identified by Rapak, good cause exists for Rapak's motion seeking this Court's permission to include each of the claim terms and phrases that are in dispute between the parties as part of the claim construction procedure here. Allowing Rapak to present each of the terms and phrases it has identified will focus the issues of the case. And, allowing both parties to present and apply their arguments and analysis to the facts moving forward would prevent hypothetical arguments that would only apply if the Court were to accept one party's interpretation over the other's. Construing the identified terms and phrases will ensure that all claim construction issues in this case are properly settled by the Court as a matter of law.

---

[*] Filed concurrently herewith is an Appendix of Exhibits in support of this memorandum. Materials in the appendix will be referred to as "Exhibit ___".

I. **The Background Facts**

    A. **The Asserted Claim Of The '799 Patent And The Terms And Phrases Requiring Construction**

Claim 1 of the '799 patent is the only claim at issue and it reads as follows (Exhibit 1, col. 5, ll. 10 et seq.):

> A cap assembly comprising:
>
>     a body having a top surface and a bottom surface, a spout engagement channel on the bottom surface thereof and an inner surface defining an opening extending therethrough, the opening including a recessed circumferential channel molded into the inner surface and spaced apart from the top surface and a membrane engaging flange positioned proximate the recessed circumferential channel, such that the recessed circumferential channel is positioned between the top surface and the membrane engaging flange;
>
>     a sealing membrane covering the opening and including a body engaging flange and a pierceable surface, the sealing membrane positioned upon the membrane engaging flange so that the body engaging flange and the membrane engaging flange are in overlying engagement; and
>
>     a retaining ring positioned entirely within the confines of the inner surface and below the top surface of the body, the retaining ring including a body engaging tab, a sealing membrane engagement surface and an inner wall structure opposite the sealing membrane engagement surface, the retaining ring positioned with the sealing membrane engaging surface in overlying engagement with the sealing membrane, with the body engaging tab extending into the recessed circumferential channel of the body to releasably sandwich, in sealed engagement, the body engagement flange of the sealing membrane between the sealing membrane engagement surface of the retaining ring, and the membrane engaging flange of the body, and wherein the inner wall structure of the retaining ring includes an inwardly sloping protective flange spaced apart from the sealing membrane engagement surface of the retaining ring and spaced apart from contact with the sealing membrane that extends radially inward beyond the membrane engaging flange of the body, so as to extend over a portion of the sealing membrane, the inwardly sloping protective flange spaced apart from the sealing membrane and positioned above the sealing membrane, to, in turn, direct a probe toward the pierceable surface.

To properly construe claim 1, it must be broken down into particular claim terms and phrases. Rapak identified the terms and phrases that are in dispute and which require construction by this

Court (Exhibit 2). Those terms and phrases are set forth below:

1. cap assembly
2. a body
3. a top surface
4. a spout engagement channel
5. an inner surface defining an opening extending therethrough
6. a recessed circumferential channel molded into the inner surface and spaced apart from the top surface
7. a retaining ring positioned entirely within the confines of the inner surface and below the top surface of the body
8. the body engaging tab extending into the recessed circumferential channel of the body to releasably sandwich, in sealed engagement, the body engagement flange of the sealing membrane between the sealing membrane engagement surface of the retaining ring, and the membrane engaging flange of the body
9. an inwardly sloping protective flange spaced apart from the sealing membrane engagement surface of the retaining ring and spaced apart from contact with the sealing membrane that extends radially inward beyond the membrane engaging flange of the body
10. direct a probe toward the pierceable surface

Scholle identified one claim term (Exhibit 3), namely "releasably sandwich", which is subsumed in Rapak's phrase 8.

### B. The Disputed Terms And Phrases Identified By Rapak Are Evident From The Preliminary Injunction Phase

Rapak's identification of disputed terms and phrases comes from the positions advocated by the parties leading up to and through the preliminary injunction phase of this case. During briefing, Scholle argued that Rapak's product was "substantially similar" to Scholle's and that it included "the major components" of the product depicted in the '799 patent (Dkt. 20, p. 7). Without any construction of claim 1 from this Court, and without providing any construction of its own, Scholle proceeded to identify the "major components" in a chart (Dkt. 20, Exhibit C). The chart broke the claim up into a number of separate claim phrases. Within those phrases, Scholle highlighted various fragments and alleged that those fragments corresponded to

structures of the Rapak product. That "analysis" ignored additional claim limitations contained in each phrase (which Scholle did not highlight). Shortly thereafter, Scholle provided its initial infringement contentions -- utilizing essentially the same breakdown of phrases -- asserting that Rapak's product met all the limitations of the claim (Exhibit 4). Then followed Scholle's initial responses to Rapak's assertions of invalidity, where Scholle summarily denied that any part of claim 1 was shown in the prior art (Exhibit 5).

In response to Scholle's motion for a preliminary injunction, Rapak pointed out Scholle's duplicitous approach of alleging infringement with broad brush strokes while wholesale denying the prior art showed even the most basic of structures (Dkt. 37, pp. 8-12). That approach, in and of itself, established the present claim construction disputes regarding the scope and meaning of various claim terms that requires this Court's attention. In its preliminary injunction reply, Scholle further argued that no construction was necessary and that only the ordinary meaning should apply (Dkt. 46, p. 6). Scholle, however, never provided any identification of the "ordinary meaning" of any term or phrase of claim 1 and wholly ignored the extensive prosecution history of the '799 patent showing the amendments made by Scholle to obtain allowance of that claim.

At the hearing on Scholle's motion for preliminary injunction, many of the same claim construction issues were exposed again. In making their arguments respecting infringement, non-infringement, validity and invalidity, the parties were at odds over what constituted a number of different structures. Indeed, Scholle, relying upon its PowerPoint presentation, pointed over and over to nine "rows" -- "rows" corresponding to the breakdown of claim 1 utilized by the parties in preparing their initial contentions (Exhibit 6, pp. 77-89). And, those "rows" generally identified the same claim terms and phrases for which Rapak presently seeks construction.

Moreover, in its preliminary injunction ruling, this Court stated it was providing preliminary construction of two terms, namely "top surface" and "releasably sandwich", in addressing the of likelihood of success as to infringement (Dkt. 65, p. 2). In addressing the likelihood of success as to invalidity, while not explicitly providing claim construction, this Court made determinations based upon preliminary interpretations of the claim phrases "inwardly sloping protective flange" and "spout engagement channel" (Dkt. p. 65 pp. 9-10). Each of those terms and phrases are included in the phrases Rapak believes require construction.[*]

Thus, in view of the arguments advanced during the preliminary injunction phase and this Court's ruling, Rapak believes that the scope and meaning of the claim terms and phrases that it has identified should be determined by this Court as part of the claim construction phase.

C. **Scholle's Final Contentions And The Position It Asserted During The Meet And Confer Confirm That Disputes Exist**

After the preliminary injunction hearing, the parties exchanged their final contentions on the issues of infringement, invalidity and unenforceability. In its final invalidity contentions, Rapak again meticulously identified where each and every structure of claim 1 could be found in the prior art and provided a number of reasons why it would have been obvious to combine various prior art structures at the time the '799 patent was filed (Exhibit 7). In Scholle's final response to Rapak's invalidity contentions, just as with its initial response, Scholle summarily denied that the prior art included any of the limitations of the claims (Exhibit 8). The sole exception to Scholle's blanket denial was its admission that Browne disclosed a valve (Exhibit 8, p. 26). The parties' final contentions respecting the invalidity issues show a clear dispute as to the construction of the claim terms and phrases identified by Rapak.

---

[*] The Court's positions are also not wholesale in line with the positions advocated by Scholle.

Additionally, after the parties exchanged their identification of claim terms and phrases to be construed, they conferred pursuant to LPR 4.1(b) to attempt to agree upon the ten claim terms or phrases requiring construction. Prior to that telephone conference, Scholle advised Rapak that the claims and phrases Rapak identified included "multiple claim terms" (Exhibit 9).[*] Rapak advised that it had identified "terms and phrases" as called for by LPR 4.1, with certain "phrases" including "the relevant contextual and modifying language necessary for the determination of the meaning" of that phrase (Exhibit 10). During the meet and confer on March 27, 2014, Scholle immediately advised that, since the parties could not agree on ten claim terms to be construed, it would not offer its construction as to the terms and phrases identified by Rapak. Scholle insisted that Rapak limit the terms and phrases it seeks construction of to five. Even though Scholle would not provide its construction, it did confirm that it disputed each construction that Rapak set forth for each claim term and phrase that Rapak identified.

Thus, while Scholle admitted that it disputes the construction of the terms and phrases identified by Rapak, it relies upon LPR 4.1(b) to limit the number of claim terms in dispute to five per each party -- ostensibly limiting the entire inquiry to five terms and phrases as Scholle's one term is subsumed in an overall phrase identified by Rapak. This Court's resolution of

---

[*] In view of Scholle's past application of claim terms and phrases, its complaint is disingenuous. For example, in its denial of disclosures of the prior art, Scholle does not state that the prior art fails to show a single part of the overall phrases Rapak identified. Instead, Scholle quotes the entire phrase in making its denial, stating "Brown and Gross do not disclose the claimed recessed circumferential channel molded into the inner surface and spaced apart from the top surface and a membrane engaging flange positioned proximate the recessed circumferential channel, such that the recessed circumferential channel is positioned between the top surface and the membrane engaging flange" and "LaBean does not disclose an inner wall structure that extends radially inward beyond the membrane engaging flange of the body, so as to extend over a portion of the sealing membrane, the inwardly sloping protective flange spaced apart from the sealing membrane and positioned above the sealing membrane, to, in turn, direct a probe toward the pierceable surface" (Exhibit 8, pp. 32-34). Those are but two of several examples where Scholle bases its denial of prior art the references by citing the entirety of the phrases Rapak has identified.

genuine disputes as to the scope and meaning of claim terms and phrases as part of the claim construction process should not be so limited particularly where, as here, the parties admit that such disputes exist.

## II. This Court Should Grant Rapak Leave To Seek Construction Of The Terms And Phrases It Has Identified

### A. Claim Construction Focuses The Scope Of The Case And Prevents The Jury From Deciding Matters Of Law

As this Court has previously stated claim construction "is a legal determination to be made by the Court" (Magna Carta Holdings, LLC v. Nextgen Healthcare Information Systems, Inc. (N.D. Ill., 2012), 2012 WL 787505, *1). The purpose of claim construction is to resolve "disputed meanings in a patent and to clarify and explain what the claims cover" (2012 WL 787505 at *1; see also Markman v. Westview Instruments, Inc. (Fed. Cir., 1995), 52 F.3d 967, 976). Where one party asserts a particular construction of a term and the opposing party disputes that construction, instead advancing that the ordinary meaning is sufficient, the Court must resolve that dispute over the scope and meaning of the term through claim construction (O2 Micro International Limited v. Beyond Innovation Technology Co., Ltd. (Fed. Cir., 2008), 521 F.3d 1351, 1360).

Indeed, where a dispute over the scope and meaning of a term exists, even where one party is merely advocating the "ordinary meaning", the resolution of that dispute is relegated to the Court. As the Federal Circuit held in O2 Micro, if a court fails to resolve the dispute over the scope and meaning of a claim term or phrase, the question as to the scope and meaning of the claim is improperly left to the jury to decide (521 F.3d at 1362). And, in resolving the dispute, it is insufficient for a court to simply find that the ordinary meaning applies (521 F.3d at 1361). As the Court in Maytag Corp. v. Electrolux Home Products, Inc. (N.D. Iowa, 2006), 411 F.Supp.2d 1008, 1036 noted, "asserting that [the ordinary] meaning should apply, without further

construction, merely begs the question of what that meaning is." Thus, the scope and meaning of the "ordinary meaning" of a claim term or phrase must be identified by the Court in its claim construction where, as here, a dispute exists.[*]

Here, after providing Scholle with the terms it believed required construction, Rapak contacted Scholle pursuant to LPR 4.1. During the meet and confer, Rapak specifically asked Scholle whether it agreed with any of the proposed constructions for the terms and phrases identified by Rapak. Scholle responded that it disputed each and every construction proffered. Consequently, whatever Scholle's interpretation of the claim terms and phrases may be, it clearly disputes the interpretation Rapak has advanced.

Scholle's refusal to identify any interpretation makes plain its approach. Scholle advances a blanket assertion that the "ordinary meaning" applies in an attempt to avoid any interpretation of the claims in view of the specification and prosecution history where Scholle repeatedly made amendments and arguments respecting claim 1 in order to distinguish its claim over the prior art. Several of the terms and phrases which Rapak has identified as needing construction are impacted by those amendments.[*] Scholle's approach is contrary to the fundamental principles of claim construction which requiring this Court to construe claim 1 in view of the amendments made during prosecution (Phillips, 415 F.3d at 1313).

---

[*] That is a particularly pertinent question here in view of the extensive prosecution history of the '799 patent. As the Federal Circuit has instructed, the ordinary meaning can only be arrived at through consideration of the specification and prosecution history (Phillips v. AWH Corporation (Fed. Cir., 2005), 415 F.3d 1303, 1313).

[*] With reference to Rapak's identification of the terms and phrases to be construed (See page 3, supra), Scholle's amendments to claim 1 were directed to items 3 and 5-10 and its arguments further affect the scope of at least items 1, 2 and 4 (Exhibit 11, RAP00038-42 and RAP00071-77).

### B. The Purpose Of Local Patent Rule 4.1, To Identify The Terms And Phrases In Dispute, Supports Rapak Here

Local Patent Rule 4.1 seeks to have the parties identify no more than ten claim terms and phrases in dispute. Under that rule, where the parties cannot narrow the selection down to ten, then each party is allocated five. Here, Scholle identified a single term while Rapak identified ten. Given Scholle's previous arguments that everything in the claim should simply be given its "ordinary meaning", Scholle has no incentive to negotiate with Rapak to determine the ten terms and phrases to be presented to the Court. Instead, Scholle has refused to identify any term other than the one it believes requires construction and has demanded that Rapak limit its identification to five terms. Consequently, the parties are at an impasse.

Rapak seeks to avoid future claim construction issues and focus the issues of this case. A claim construction ruling would eliminate the ongoing -- and readily apparent -- disputes between the parties as what the proper scope and meaning the terms and phrases of claim 1 are. Additionally, a claim construction ruling by this Court would provide a reference point for each party and ensure that both parties prepare their arguments with the same understanding of the scope and meaning of the disputed terms and phrases in the claim.

Scholle, on the other hand, seeks to avoid a determination of the scope and meaning of the terms and phrases in its own claim in order to be free to apply one interpretation for infringement while applying another for invalidity. By refusing to identify what it even believes the ordinary meanings of the claim terms are, Scholle attempts to hide its construction of the claim in an effort to keep the meaning of the terms and phrases fluid while simultaneously avoiding the limiting amendments and arguments made during prosecution.

## Conclusion

Good cause exists for Rapak to seek the construction of the ten terms identified in this motion. Scholle has confirmed that it disputes each proposed construction proffered by Rapak and thus a genuine dispute between the parties as to the proper scope and meaning of those terms exists. Rapak's request is in keeping with the spirit of LPR 4.1 by limiting the overall number of terms and phrases for construction to ten. The Court's construction of the ten terms will focus the issues in this case and provide the parties with a uniform meaning to apply to both the validity and infringement analyses. This motion is well founded and should be granted.

Respectfully submitted,

/s/ Keith V. Rockey
KEITH V. ROCKEY (ID #02360624)
KATHLEEN A. LYONS (ID #06186939)
MATTHEW L. DE PRETER (ID #06291503)
Rockey & Lyons
180 N. Stetson, Suite 3500
Chicago, IL 60601
Telephone: (312) 268-5703
Facsimile: (312) 268-5801

Attorneys for Defendant Rapak, LLC

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on April 3, 2014, a true and correct copy of the foregoing RAPAK'S MEMORANDUM IN SUPPORT OF ITS MOTION REQUESTING PERMISSION TO SEEK CONSTRUCTION OF MORE THAN FIVE CLAIM TERMS PURSUANT TO LOCAL PATENT RULE 4.1 was filed electronically with the Clerk of the Court through the Court's CM/ECF System, which will provide electronic notification of such filing to:

> Allan J. Sternstein, Esq.
> Timothy J. Sendek, Esq
> Michael Golenson, Esq..
> Sara M. Skulman, Esq.
> LATHROP & GAGE LLP
> 155 North Wacker Drive
> Suite 3050
> Chicago, Illinois 60606-1787

> /s/ Keith V. Rockey
> One of the Attorneys for Rapak, LLC