1

```
             UNITED STATES DISTRICT COURT
             NORTHERN DISTRICT OF ILLINOIS
                   EASTERN DIVISION

SCHOLLE CORPORATION,              )
                                  )
              Plaintiff,          )
                                  )
     vs.                          )  No. 13 C 3976
                                  )
RAPAK, L.L.C.,                    )  Chicago, Illinois
                                  )  April 10, 2014
              Defendant.          )  9:00 o'clock a.m.

              TRANSCRIPT OF PROCEEDINGS
      BEFORE THE HONORABLE VIRGINIA M. KENDALL

APPEARANCES:

For the Plaintiff:     LATHROP & GAGE, L.L.P.
                       BY: MR. ALLAN J. STERNSTEIN
                           MS. SARA M. SKULMAN
                       155 North Wacker Drive, Suite 3050
                       Chicago, Illinois  60606-1787
                       (312) 920-3306

For the Defendant:     ROCKEY & LYONS
                       BY: MR. KEITH V. ROCKEY
                           MS. KATHLEEN ANN LYONS
                       180 North Stetson Street, Suite 3500
                       Chicago, Illinois  60601
                       (312) 268-5703

Also Present:          Mr. Kevin Grogan, President-DS Smith;
                       Mr. Mark Smith, CEO-DS Smith Plastics;
                       Ms. Channing Hesse, in-house counsel,
                           DS Smith Plastics


            COLLEEN M. CONWAY, CSR, RMR, CRR
                   Official Court Reporter
         219 South Dearborn Street, Room 2144-A
                Chicago, Illinois  60604
                      (312) 435-5594
            colleen_conway@ilnd.uscourts.gov
```

Colleen M. Conway, Official Court Reporter

1 (Proceedings heard in open court:)
2 THE CLERK: This is case 13 C 3976, Schoelle versus
3 Rapak.
4 MR. ROCKEY: Good morning, Your Honor.
5 Keith Rockey, Kathy Lyons for defendant.
6 THE COURT: Good morning.
7 MR. STERNSTEIN: Good morning, Your Honor.
8 Allan Sternstein and Sara Skulman on behalf of
9 plaintiff, Schoelle.
10 THE COURT: Okay.
11 MR. ROCKEY: Also with us this morning, Your Honor, a
12 number of people representing Rapak, Mr. Kevin Grogan, the
13 president, and Mark Smith, who is the chief executive of the
14 parent corporation, DS Smith Plastics, and their business
15 counsel, Channing Hesse.
16 THE COURT: Okay. Good morning.
17 MR. ROCKEY: And I guess I should probably start out
18 by apologizing to the Court for creating this. I have been --
19 you know, I have been doing this kind of work for a long time,
20 and I have never been confronted with a situation where an
21 injunction went into effect before the bond was posted. It's a
22 new experience for me. I thought that you had to have the bond
23 in effect, and apparently there's case law suggesting you
24 don't.
25 And so what we have done is we've asked the Court for

1  a limited stay of that injunction. We're not asking for a stay
2  across the board for all of the accused devices. On the
3  contrary. The only devices that -- for which we seek the stay
4  are devices that cannot be used by other competitors.
5        The -- I think you heard some evidence during the
6  preliminary injunction hearing -- and, Chip, let me borrow one
7  of those things for a minute. These fillers that are used to
8  fill the bags have a particular configuration, one for the
9  plaintiff's -- pardon?
10       MS. LYONS: One for the -- that's Rapak's filler.
11       MR. ROCKEY: This is Rapak's filler. And this thing
12 goes in there (demonstrating). Because of the difference in
13 devices -- the Schoelle filler is different, doesn't fit in.
14       (Ms. Lyons demonstrating.)
15       MR. ROCKEY: And since Schoelle is not losing any
16 sales as a result of the products that we're selling to
17 Schoelle -- I'm sorry, to Rapak customers, we stand ready to
18 pay a reasonable royalty or whatever terms that seem to be
19 warranted to four customers, and they are Coke, Prairie Farms,
20 a company called C.F. Burger, and Darigold.
21       MS. LYONS: Your Honor, those sales are identified on
22 Exhibit A to Mr. Grogan's declaration.
23       THE COURT: Okay. All right. Let's just cut to the
24 chase or at least give some order to the motion that is
25 currently pending before the Court, which is your emergency

1  motion for clarification of the court order which says that you
2  wanted to stay the preliminary injunction pending appeal and
3  you wanted clarification as to whether the bond should be set.
4      It is my intention today to set a bond with the
5  preliminary injunction that has been ordered.  It is not my
6  intention to eliminate the preliminary injunction or to
7  relitigate the preliminary injunction or to reopen the
8  preliminary injunction with new evidence.  The opportunity to
9  litigate that was done.  We gave that opportunity to you, and
10 that was completely and thoroughly litigated.
11     So what I want to hear today are the two grounds;
12 one, what that bond should be and, two, whether or not the
13 order should be stayed.
14     So what's your response to that?
15     MR. STERNSTEIN:  Your Honor, first, as far as whether
16 the bond should be stayed, let me address that first.
17     I think there is no reason to stay the bond.
18     THE COURT:  It's not a bond.  It's the preliminary
19 injunction.
20     MR. STERNSTEIN:  I'm sorry, the preliminary
21 injunction.  Excuse me.  There's no reason for that stay.
22     They talk about these fillers.  First of all,
23 Mr. Smith provided evidence before, saying that Rapak's fillers
24 can be used to fill not only Rapak bags but also Liqui-Box
25 bags.  There's another supplier out there that can fill all

1 these things so these customers are taken care of.

2 As you've also seen in the declaration that we
3 submitted by Mr. Dean, in our thing, there is an adapter now
4 that only takes a couple hours to convert these over. So even
5 with the Rapak filler, you can use Schoelle bags.

6 So customers are taken care of. They have Liqui-Box
7 bags they could use. They have Schoelle bags they could use.
8 And yes, Schoelle is obviously putting in -- losing funds,
9 losing sales because of that.

10 As far as the bond itself is concerned, we have not
11 heard from Liqui-Box, but otherwise stated, we'll suggest a
12 million-dollar bond.

13 THE COURT: All right. What's your response to the
14 million-dollar bond?

15 MR. ROCKEY: Your Honor, can I take a second?

16 THE COURT: Sure.

17 (Counsel conferring.)

18 MR. ROCKEY: We think that's too light, Your Honor.
19 Five million is more --

20 THE COURT: Okay. Now, you have to base it, of
21 course, on some factual basis, so --

22 MR. ROCKEY: Yes.

23 THE COURT: -- make your argument, please.

24 MR. ROCKEY: Yes, Your Honor.

25 We have to take into account how long it will be, how

1  long the bond will be in effect --

2  THE COURT: Okay.

3  MR. ROCKEY: -- and we think that the profits we're

4  going to make are at least a couple million dollars a year, if

5  not more, and the -- I think a fair estimate, by the time we

6  can get through the Court of Appeals and get this case over

7  with, tried before Your Honor, decided in the Federal Circuit,

8  we're talking three to four years, max -- or minimum.

9  THE COURT: Okay. Response?

10 MR. STERNSTEIN: Your Honor, I think these are,

11 number one, just pure guesses. You heard at the preliminary

12 injunction hearing that they were saying how their sales have

13 been flat and have been going down. So to --

14 THE COURT: Well, I mean, the problem with both of

15 you is that no one addressed the issue of the bond at the

16 preliminary injunction hearing with any specificity whatsoever,

17 which is why my court order stated that I wanted briefing on

18 the bond issue.

19 MR. STERNSTEIN: Yeah.

20 THE COURT: And then if you look at the case law here

21 in this circuit, which is where we look, because the Federal

22 Circuit would look to the regional circuit to determine the

23 extent of my discretion in imposing the bond, I then turn to

24 you to say, give me this information, and the information right

25 now, we're just grasping at straws.

1  MR. STERNSTEIN: Correct.

2  THE COURT: I have no idea what your sales are. I
3  have no idea how long this case will take to work through the
4  system because no one's given me that information, which is
5  precisely why the court order was to give the briefing.

6  But based upon the fact that there is some dispute
7  and concern about whether the injunction is in effect based
8  upon the fact that there is no bond attached, I intend to order
9  a bond be posted today and still order briefing to be had on
10  the issue of bond, and I will increase or decrease it based
11  upon that briefing. That's what I am going to do today.

12  MR. STERNSTEIN: Okay.

13  THE COURT: So I am going to take his $1 million bond
14  today. I am going to order briefing. So you need to post that
15  $1 million bond. How long will it be before you can post it?

16  MR. STERNSTEIN: With the client on the West Coast,
17  we could post it certainly tomorrow.

18  THE COURT: Tomorrow?

19  MR. STERNSTEIN: Yeah.

20  THE COURT: Okay. So today is what? Is today the
21  9th?

22  THE CLERK: The 10th.

23  MR. ROCKEY: 10th.

24  THE COURT: The 10th. Okay. So the 11th. Bond
25  shall be posted April 11th. And then briefing on the issue

1   regarding the appropriateness of the bond, two weeks for
2   position papers, and you can both put -- you know, present your
3   position papers at the same time. And then one week
4   response -- or to each other's side. So I just need two
5   papers. You can both submit why you think -- what the
6   appropriate bond should be in response to the other side's.
7          So two weeks from today will be the position paper.
8          THE CLERK: Okay. April 24th.
9          THE COURT: And then seven days thereafter.
10         THE CLERK: May 1st.
11         THE COURT: May 1st, so you can respond to the other
12  side's. And then I will make a determination as to whether the
13  $1 million bond is appropriate.
14         Meanwhile, I am not staying the preliminary
15  injunction on appeal. I don't see that there is a basis to do
16  so. And we'll just go from there and you can give me the
17  reasons why the bond should be higher in your papers.
18         MR. STERNSTEIN: Okay. So the stay is in effect now,
19  correct?
20         THE COURT: The stay -- the preliminary injunction is
21  in effect.
22         MR. STERNSTEIN: Preliminary injunction is in effect.
23  Thank you.
24         THE COURT: It remains in effect with the $1 million
25  bond. All right?

1    MR. STERNSTEIN: Thank you.
2    THE COURT: All right. Thank you.
3    MS. LYONS: Your Honor, Your Honor, if I may, I don't
4 mean to push the issue, but the issue for Rapak and for the
5 client is a modification of that injunction for those limited
6 sales. They are willing to post a bond. They are willing to
7 pay a reasonable royalty. The --
8    THE COURT: But that's a business agreement. I mean,
9 that's something for you to sit down with him and work out a
10 licensing agreement right now.
11    You know what my opinion is regarding potential
12 infringement, and that's a business agreement for you to sit
13 down in a boardroom regarding, not for me to say a modification
14 on the injunction. I looked at infringement, right? I mean,
15 that's something for you to sit down and work out.
16    If you want a license agreement, if you want to carve
17 out an exception, you know where I stand on it.
18    MR. ROCKEY: Okay, Your Honor.
19    THE COURT: All right? Okay. Thanks.
20    MS. LYONS: Thank you.
21    MR. STERNSTEIN: Thank you very much, Your Honor.
22    MR. ROCKEY: Thank you, Your Honor.
23    (Proceedings concluded.)
24
25

1  C E R T I F I C A T E

2

3

4

5       I, Colleen M. Conway, do hereby certify that the

6  foregoing is a complete, true, and accurate transcript of the

7  proceedings had in the above-entitled case before the

8  HONORABLE VIRGINIA M. KENDALL, one of the Judges of said Court,

9  at Chicago, Illinois, on April 10, 2014.

10

11

12       _/s/ Colleen M. Conway, CSR,RMR,CRR_          _04/11/14_

13           Official Court Reporter                    Date
             United States District Court
14           Northern District of Illinois
                  Eastern Division
15

16

17

18

19

20

21

22

23

24

25

Colleen M. Conway, Official Court Reporter